**Stanley M. BLIZNIK, Plaintiff,**

v.

**INTERNATIONAL HARVESTER COMPANY, WSC Corp., and Progressive Steelworkers Union, Defendants.**

**No. 78 C 2353.**

United States District Court, N. D. Illinois, E. D.

Aug. 28, 1980.

Phillip D. Levey, Chicago, Ill., for plaintiff.

Bert L. Luskin, Walter P. Loomis, Jr., Seyfarth, Shaw, Fairweather & Geraldson, George S. Feiwell and Daniel C. Meenan, Jr., Chicago, Ill., for defendants.

### ORDER

BUA, District Judge.

Presently before the court is Bert Luskin's motion to quash his deposition subpoena. Rule 26(c), Fed.R.Civ.P. The movant is the arbitrator who presided at the arbitration hearing following plaintiff's discharge from the defendant company for conspiring to steal company property. Movant claims that an arbitrator may not be deposed in order to ascertain the basis of the award or to impeach such award. The subpoena served on movant also requires the production of (1) all correspondence regarding plaintiff's discharge between the arbitrator and the defendant company, (2) all correspondence regarding plaintiff's discharge between the arbitrator and the defendant union, (3) all briefs and memoranda submitted by the defendants to movant relating to Bliznik's grievance, (4) all exhibits offered by the defendants at the arbitration hearing, (5) all notes taken by the arbitrator at the hearing, (6) all materials utilized by the arbitrator in reaching his decision, and (7) copies of all arbitration decisions issued by movant from January 1, 1967 to the present in disputes between the defendants involving the discharge of employees with 15 years of service.

The movant's argument that the subpoena should be quashed as an attempt to inquire into the basis of the arbitrator's award is not persuasive. Plaintiff's counsel has submitted a sworn affidavit stating that the scope of the deposition will be limited to ascertaining what the union's counsel did and did not do in representing the plaintiff at the arbitration hearing. Since Luskin was the only trained non–party witness at the hearing who took and retained notes, the plaintiff considers his testimony crucial to his case against the union.

The defendant has cited cases holding that an arbitrator may not be deposed in order to inquire into the reasoning that led to his award. While this court agrees that a deposition for such a purpose would be improper, *see Gramling v. Food Machinery and Chemical Corp.,* 151 F.Supp. 853 (W.D.S.C.1957), the plaintiff does not seek to inquire into the reasons for the arbitrator's award and this court will not allow such inquiry. Moreover, we do not agree with the statement of the court in *Fukaya Trading Company, S. A. v. Eastern Marine Corp.,* 322 F.Supp. 278 (E.D.La.1971) that no equitable or legal authority exists that would permit the deposition of an arbitrator. This court believes that given the broad scope of discovery available under the Federal Rules of Civil Procedure, and the centuries old principle that "the public is

entitled to every [person's] evidence," *Branzburg v. Hayes*, 408 U.S. 665, 688, 92 S.Ct. 2646, 2660, 33 L.Ed.2d 626 (1972), that it is the burden of the subpoenaed person to show compelling reasons why he should not be required to give testimony. In this case the arbitrator is in possession of directly relevant and probative evidence concerning the conduct of the union's representative at the arbitration hearing. The quality of that representation is directly at issue in this case. Factual testimony from the arbitrator may be crucial to plaintiff's claim that the union's handling of his grievance was so "perfunctory" as to justify an award of damages against the union.

The court is of the opinion that such testimony elicited from the arbitrator does not impeach the correctness of his decision. It is elementary that an arbitrator's decision must be based on the facts presented to him. The issues raised by this motion do not focus on the correctness of the arbitrator's decision given the facts presented at the hearing. Rather, the focus of plaintiff's case against the union is on the quality of the union's representation of plaintiff at the hearing and whether the finality provisions of a collective bargaining contract's dispute resolution procedure should be enforced in light of wholly inadequate union representation that strikes at the integrity of the process itself.

This case is not analogous to those holding that a juror may not testify as to his thought processes during deliberations, *see* Rule 606(b), Fed.R.Evid., rather the issue is analogous to calling a former juror to testify in an attorney malpractice case. The movant has not cited nor has this court found any authority holding that the former juror may not be compelled to testify to what he witnessed during a trial on which the malpractice actions is based. Thus, defendant's citation of *Gramling v. Food Machinery and Chemical Corp.*, 151 F.Supp. 853 (W.D.S.C.1957) does not support the proposition that an arbitrator may not be compelled to testify as to what occurred at a hearing. That case dealt with an attempt to require the members of an arbitration panel to testify regarding "the

method of arriving at their award," 151 F.Supp. at 860. Here the plaintiff seeks to vacate the award and avoid the finality provisions of the collective bargaining agreement because of the union's alleged breach of its duty to fairly and adequately represent him at the arbitration hearing. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554 at 571, 96 S.Ct. 1048 at 1059, 47 L.Ed.2d 231 (1976).

Luskin's citations of *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1966); *Bernhardt v. Polygraphic Company of America*, 350 U.S. 198, 204, 76 S.Ct. 273, 276, 100 L.Ed. 199 (1956); and *NF&M Corp. v. United Steelworkers of America*, 524 F.2d 756 (3d Cir. 1975), do not support the granting of his motion. These cases state propositions dealing with review of the merits of an arbitrator's decision. The propositions that a reviewing court will not overturn an arbitrator's award for errors in assessing witness credibility, in the weight accorded testimony, in the determination of factual issues or for failure to issue a written opinion are not presented by this case and do not bear on the propriety of deposing Luskin.

This is not a case which presents a threat to the independence of an arbitrator. The arbitrator is not a party defendant, and a sworn affidavit of plaintiff's counsel has been filed which indicates that the scope of the deposition will be limited to eliciting testimony concerning the union's conduct at the hearing. Neither does this deposition foreshadow an end to effective arbitration of employment disputes. An arbitrator who is paid for his services does not need to be accorded any more protection from the burden of giving testimony than an ordinary citizen. Moreover, in many cases alleging a breach of a union's duty of fair representation, the availability of a recorded transcript will make the deposition of an arbitrator unnecessary.

This court agrees with the statement of the Court of Appeals in *N. L. R. B. v. Joseph Macaluso, Inc.*, 618 F.2d 51 (9th Cir.

1980), that only if the quashing of the subpoena "has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth" should this court grant Luskin's motion.

The public interest protected by [quashing the subpoena] must be substantial if it is to cause us to 'concede that the evidence in question has all the probative value that can be required, and yet exclude it because its admission would injure some other cause more than it would help the cause of truth, and because the avoidance of that injury is considered of more consequence than the possible harm to the cause of truth. 618 F.2d at 54.

The Court of Appeals in *Joseph Macaluso, Inc.* passed on the propriety of an NLRB order revoking the subpoena of a Federal Mediation and Conciliation Service mediator who was called to testify in an unfair labor practice proceeding. In balancing the need for and right to the mediator's testimony against the injury to the effectiveness of the FMCS, the court stressed the fact that "[n]o party is required to use the FMCS, once having voluntarily agreed to do so, however, that party must be charged with acceptance of the restriction on the subsequent testimonial use of the mediator." *N. L. R. B. v. Joseph Macaluso, Inc.*, 618 F.2d at 56. This conclusion was mandated by clear and unambiguous FMCS regulations which provided that:

Public policy and the successful effectuation of the Federal Mediation and Conciliation Services' mission require that commissioners and employees maintain a reputation for impartiality and integrity. Labor and management or other interested parties participating in mediation efforts must have the assurance and confidence that information disclosed to commissioners and other employees of the Service will not subsequently be divulged voluntarily, or because of compulsion, unless authorized by the Director of the Service.

\* \* \* \* \* \*

No officer, employee, or other person officially connected in any capacity with the Service, currently or formerly, shall, in response to a subpoena, subpoena duces tecum, or other judicial or administrative order, produce any material contained in the files of the Service, disclose any information acquired as part of the performance of his official duties or because of his official status, or testify on behalf of any party to any matter pending in any judicial, arbitral or administrative proceeding, without the prior approval of the Director.

29 C.F.R. § 1401.2(a), (b) (1979).

The court specifically noted that they did not reach the question whether different results would occur if the FMCS Director granted authority for the mediator to testify.

In this court's opinion these regulations should have been dispositive of the matter, for it is difficult to see how a party could claim a right to the testimony of a person whose agreement to act as mediator included by regulation a provision vesting his agency with the discretion to permit or deny his subsequent testimony. Needless to say no such contract or estoppel considerations are present in this case.

The Court of Appeals also considered the statutory objectives and duties of the FMCS and found that the appearance of complete impartiality on the part of the mediator had to be maintained at all times in order for the FMCS to be effective. Unlike the mediator in that case, the arbitrator has already, in a sense, chosen sides. He has denied plaintiff's grievance and upheld the company's discharge. The court is not persuaded that the arbitral function would be damaged by requiring the arbitrator to testify to the union's conduct at the arbitration hearing.

Therefore, the court's order is that the motion to quash the deposition of Mr. Luskin is denied. The deposition will be limited to the actions of the parties at the arbitration hearing. No questions involving the basis of the arbitrator's decision, his reasoning, or thought processes will be allowed. The arbitrator will be required to produce all documents listed in paragraphs 1–4 of

the attachment to the subpoena. The notes sought by paragraph 5 need not be produced, but the arbitrator will be required to maintain these notes and bring them to the deposition for the purpose of refreshing his recollection as to what occurred at the hearing.

The court will not require the production of the materials sought in paragraphs 6 and 7 of the subpoena because of the unduly broad and burdensome nature of the requests.