**MAINE CENTRAL RAILROAD COMPANY and Portland Terminal Company, Plaintiffs,**

v.

**BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES, Defendant.**

**Civ. No. 86–0366 P.**

United States District Court,
D. Maine.

Oct. 28, 1987.

---

Richard T. Conway, Washington, D.C., Charles S. Einsiedler, Portland, Me., for plaintiffs.

John O'B. Clarke, Jr., Washington, D.C., Craig J. Rancourt, Biddeford, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER GRANTING THE NEUTRAL ARBITRATOR'S MOTION FOR A PROTECTIVE ORDER

GENE CARTER, District Judge.

In this action the Plaintiffs challenge an arbitration award entered on October 30, 1986. In its Order of June 4, 1987, the Court entered summary judgment for Defendant on four counts of the complaint, leaving one count concerning the alleged exclusion of evidence by the neutral arbitrator at the arbitration proceeding. Plaintiffs have subpoenaed the neutral arbitrator in order to depose him concerning what actually happened at the arbitration proceeding. In the motion currently before the Court, the arbitrator, appointed by the National Mediation Board, seeks a protective order against the taking of his deposition and the production of any notes he made during the arbitration.

Although it is evident that some neutral arbitrators have been deposed concerning arbitrations they conducted, *see Lackawanna Leather Co. v. United Food & Commercial Workers International Union, AFL-CIO & CIC,* 706 F.2d 228, 235 (8th Cir.1983) (*en banc*) (Gibson, J., concurring in part and dissenting in part), and some have been forced to submit to depositions over their objections, *see Bliznik v. International Harvester Co.,* 87 F.R.D. 490, 491–92 (N.D.Ill.1980), this Court agrees with the Court of Appeals for the Ninth Circuit that "the public interest in maintaining the perceived and actual impartiality of federal mediations ... outweigh[s] the benefits derivable from [the arbitrator's] testimony." *National Labor Relations Board v. Joseph Macaluso, Inc.,* 618 F.2d 51, 54 (9th Cir.1980).

The Court recognizes the principle, urged by Plaintiffs here, that the public is entitled to every person's evidence. *Branzburg v. Hayes,* 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed. 2d 26 (1972). The Court further recognizes, however, the importance of mediators and the mediation process in maintaining transportation stability in the United States through the resolution of labor-management disputes in the railroad industry. That importance is highlighted here by Congress's express direction that the rail emergency resolved by Presidential Emergency Board No. 209 be implemented to the extent necessary by binding arbitration. Pub.L. 99–431 (1986). The arbitration, mandated by Congress, was conducted by the National Mediation Board, with the instant petitioner appointed as the neutral arbitrator.

As the National Labor Relations Board stated in an opinion later adopted by the Ninth Circuit Court of Appeals in *Macaluso:*

> To execute successfully their function of assisting in the settlement of labor disputes, the conciliators must maintain a reputation for impartiality, and the parties to conciliation conferences must feel free to talk without any fear that the conciliator may subsequently make disclosures as a witness in some other proceeding, to the possible disadvantage of a party to the conference. If conciliators were permitted or required to testify about their activities, or if the production of notes or reports of their activities could be required, not even the strictest adherence to purely factual matters would prevent the evidence from favoring or seeming to favor one side or the other. The inevitable result would be that the usefulness of the [FMCS] in the settlement of future disputes would be seriously impaired, if not destroyed.

*Tomlinson of High Point, Inc.,* 74 N.L.R. B. 681, 688 (1947) (quoted in *Joseph Macaluso,* 618 F.2d at 56). The same is true of the National Mediation Board. Moreover, the Court thinks it likely that it will be increasingly difficult to find able people to serve as mediators if they know that they might later have to testify concerning the

manner in which their arbitrations are conducted.

The Court notes that other evidence concerning what went on at the arbitration proceeding is available since there were other people present. Any disputes will be resolvable in the usual manner through the making of credibility determinations. *See Joseph Macaluso,* 618 F.2d at 55 (1980).

Accordingly, it is ORDERED that the motion of Arthur T. Van Wart for a protective order be, and it is hereby, GRANTED.